UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA

CASE NO. 1:22-MC-23619-RKA/LMR

IN RE APPLICATION OF DAILANE
INVESTMENTS LIMITED AND
MICHAEL MAILLIS FOR JUDICIAL
ASSISTANCE PURSUANT TO
28 U.S.C. § 1782
_____/

### UNOPPOSED MOTION TO INTERVENE BY SAMI MNAYMNEH

Pursuant to Rule 24(a) and Rule 24(b), Fed. R. Civ. P., Sami Mnaymneh ("Mnaymneh"), moves for intervention as of right in this matter or to be granted permissive intervention.[1] Mnaymneh is entitled to intervene because this motion is timely, it has a direct and substantial interest in the relief being sought by Petitioners, and its interests would not be adequately represented without intervention. Mnaymneh's request to intervene is not opposed by Petitioners Dailane Investments Ltd. ("Dailane") and Michael Maillis (together, "Petitioners").

In further support, HIG states:

#### BACKGROUND

On November 4, 2022, Petitioners sought judicial assistance for issuance of a subpoena for documentary evidence from H.I.G. Capital, LLC ("HIG") ("Document Subpoena") and subpoenas for deposition testimony by two HIG executives, Mnaymneh and Anthony Tamer (collectively,

---

[1] In requesting to intervene, Mnaymneh does not waive and expressly preserves its right to recover attorneys' fees under Rule 45(d)(1), Fed. R. Civ. P. *See*, *e.g.*, *In re Hornbeam Corp.*, No. 14-cv-24887, 2019 WL 5106768, at *4 (S.D. Fla. Sept. 27, 2019) (awarding attorneys' fees and costs to non-party responding to Section 1782 subpoena); *cf.* 28 U.S.C. § 1782 ("To the extent that the order [authorizing the subpoena] does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."); *Order Granting Application for Judicial Assistance* (ECF No. 15) at 4 (recognizing applicability of the Federal Rules of Civil Procedure to Petitioners' § 1782 request).

the "Deposition Subpoenas" and together with Document Subpoena, "1782 Subpoenas") pursuant to 28 U.S.C. § 1782.[2] *See Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782* (ECF No. 1, filed Nov. 4, 2022). As stated in that filing and related filings, the discovery sought was allegedly critical to "imminent" legal proceedings in the Commercial Chambers of the *Tribunal d'Arrondissement* of the Grand Duchy of Luxembourg. Aff. R. Santiago (ECF No. 6) ¶ 2. The Court granted the Motion for Judicial Assistance on April 4, 2023, *see Order Granting Application for Judicial Assistance* (ECF No. 15), and Petitioners served the 1782 Subpoenas thereafter.

On November 8, 2024, Petitioners notified HIG of their intent to file suit against only HIG relying upon several confidential documents produced by HIG pursuant to the Document Subpoena, instead of pursuing – much less even commencing – any legal action in the Grand Duchy of Luxembourg, despite Petitioners' repeated representations that such action was "imminent." HIG objected to the use of documents obtained under § 1782 for proceedings in this Court. After reaching an impasse, Petitioners petitioned the Court to authorize use of these documents. *See generally Motion for Authorization to Use Discovery in Litigation (*etc.*)* ("*Motion for Authorization*"; ECF 17).

Because Petitioners never filed any Luxembourg proceeding, HIG strongly suspected the action in this Court is and was always intended to obtain discovery – under the guise of a Section 1782 request – for a suit against HIG in this Court, and never for any action against HIG47, HIG Europe, or others in the Grand Duchy of Luxembourg. On February 6, 2025, Magistrate Judge Reid authorized HIG to move for discovery into this central issue. *See* ECF No. 32.

---

[2] Following the issuance of the Deposition Subpoenas, Petitioners withdrew the subpoena directed to Anthony Tamer. *See* Joint Mot. to Set Briefing Schedule [ECF No. 23] at 1 n.1.

Immediately after Magistrate Judge Reid granted HIG leave to move for discovery, Dailane apparently used the discovery Petitioners obtained under Section 1782 to file an action against both HIG *and* Mnaymneh in this Court. The naming of two defendants shows that it cannot be the draft complaint attached to the *Motion for Authorization*.[3] That action is styed *Dailane Investments Limited v. HIG Capital LLC and Sami Mnaymneh*, No. 25-cv-20568-PCH (the "*Dailane* Action"). The action is sealed; however, given the defendants named, it is a virtual certainty Petitioners have unilaterally decided to use the Section 1782 discovery they obtained, irrespective of any ruling by the Court on the still-pending *Motion for Authorization*.

To the extent necessary and in the abundance of caution, Mnaymneh now seeks to intervene formally as a matter of right, or alternatively, to be granted permissive intervention.

## ARGUMENT

Rule 24(a)(2) requires the Court to permit intervention as of right to a person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* A person seeking intervention as of right must meet the following criteria:

> (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant must demonstrate that his interest is represented inadequately by the existing parties to the suit."

*In re Martinez*, 736 F. Supp. 3d 1189, 1199 (S.D. Fla. Jun. 7, 2024) (Altman, J.). As shown below, HIG meets each requirement.

---

[3] That draft complaint is ECF No. 17-11 (unredacted version docketed at ECF No. 24), and names HIG as the only defendant. *See id.* However, the docket for the *Dailane* Action shows HIG and Mr. Mnaymneh as the two defendants. *See* Docket No. 25-cv-20568.

*First*, this Motion is timely because Petitioners only recently filed the *Dailane* Action, which names Mnaymneh as a defendant and which presumptively uses in that action the information Petitioners sought authorization to use in this action, including Mnaymneh's deposition testimony. *See generally Mot. for Auth.* Mnaymneh's interests are thus directly implicated.

*Second*, Mnaymneh has a direct and substantial interest in the relief sought by Petitioners as the putative defendant whose testimony was obtained improperly (an issue addressed in HIG's response to the *Motion for Authorization*, *see* ECF No. 38) and Petitioners now seek to use those documents as the foundation of a lawsuit against Mnaymneh.

*Third*, Mnaymneh would be prejudiced if not allowed to intervene because he would not be able to defend his interests implicated directly by this proceeding now that Petitioners have filed the *Dailane* Action without Court authorization. *Lastly*, Mnaymneh's interests would not be adequately represented if he were not granted intervention.

Not only does Mnaymneh satisfy each requirement for intervention as of right under Rule 24(a), but he also meets each requirement under the lower standard for permissive intervention under Rule 24(b) for the same reasons stated above. *See In re Martinez*, 736 F. Supp. 3d at 1202 ("Permissive intervention sets a lower bar than intervention under Rule 24(a)."); *In re da Costa Pinto*, No. 17-22784, 2018 WL 6620905, at *5 (S.D. Fla. Aug. 27, 2018) ("[A] party seeking to intervene under Rule 25(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common."). As shown above, Mnaymneh's application is timely and his "defense" interests are directly involved.

Mnaymneh thus satisfies the requirements of both Rule 24(a) and (b) and intervention should be granted.

- 5 -

**LOCAL RULE 7.1(a)(2) CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that counsel for Mnaymneh conferred with Tara Plochocki, Esq., counsel for Petitioners, on February 19, 2025, via electronic mail, in a good faith effort to resolve the issues raised herein. Petitioners' counsel stated that Petitioners do not oppose the relief requested in this motion.

/s/ *Christopher S. Carver*
   Attorney

Dated: February 21, 2025

**AKERMAN LLP**
201 East Las Olas Boulevard
Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
   Jason S. Oletsky, Esq.
   Florida Bar No. 009301
   jason.oletsky@akerman.com
   Christopher S. Carver, Esq.
   Florida Bar No. 993580
   christopher.carver@akerman.com
   Michelle Hogan, Esq.
   Florida Bar No. 1010992
   michelle.hogan@akerman.com

*Counsel for H.I.G. Capital, LLC, and Sami Mnaymneh*