UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE APPLICATION OF DAILANE INVESTMENTS LIMITED AND MICHAEL MAILLIS FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:22-cv-23619-RKA |

**PETITIONERS' REPLY IN SUPPORT OF MOTION FOR AUTHORIZATION TO USE DISCOVERY IN LITIGATION AND TO ORDER REMOVAL OF CONFIDENTIALITY DESIGNATIONS**

Petitioners came before this Court on a Motion for Authorization ("Motion"; ECF 17) seeking confirmation that they could publicly file a complaint against HIG that used information from around 30 documents and parts of sworn testimony obtained via this action. There is no disagreement that the Confidentiality Agreement permits the use of discovery in an action in this district so long as Petitioners first seek consent, which they did. The parties also concur that there is no statutory bar on the use of discovery lawfully obtained in a Section 1782 proceeding in a U.S. lawsuit. And, the parties agree that the Application for relief satisfied all the statutory and discretionary factors considered when granting a § 1782 Application.

HIG nevertheless objects to the proposed use of the discovery on the basis of a far-fetched conspiracy theory: that Petitioners filed the § 1782 not in service of the Luxembourg claims—for which Petitioners had already retained counsel, hired an independent expert and served a demand letter on the would-be European defendants—but to start fresh and hope to find some other claim to bring. HIG has presented no evidence of this theory. Notably, HIG has raised no objection to the use of the documents in the proposed U.S. action so long as Petitioners also file a claim in Luxembourg. The question before the Court, then, is not whether the documents may be used in

1

the U.S. action—there is agreement that they can—but whether there must be both a lawsuit in Luxembourg and in this district.  As is obvious from the Confidentiality Agreement, Petitioners need not file two lawsuits and the case law does not dictate otherwise.

HIG's half-baked defense of its confidentiality designations fares no better.  It has not even attempted to show good cause to withhold the specific information used in the Complaint and HIG agrees that publicly available information or summaries of allegedly confidential communications—which is another way of describing the Complaint—are not objectionable.

This Court should grant the Motion for Authorization and allow the parties to resolve Dailane's claim on the merits.  For the purposes of this Reply, Petitioners incorporate by reference the background provided in its Motion and the related Opposition to the Motion for Discovery (ECF 46).

## ARGUMENT

1. **The Parties Agree that the § 1782 Discovery May Be Used in a Florida Action in Support of a Previously Unknown Cause of Action and That Is What Is Sought Here.**

The Confidentiality Agreement does not require Petitioners to obtain Respondents' consent to use the documents/information produced in response to the 1782 subpoenas in a proceeding in this District; HIG does not argue to the contrary.  HIG does argue that this Court must first grant the Motion before the documents may be used in a U.S. action (opp. at 14).  That is not correct.  With respect to use of the documents in a U.S. action, "either party may seek relief with the Court" if consent is not provided.  ECF 17-2, ¶ 7(b).  The only relief HIG could seek would be an injunction, and that would not be necessary unless Petitioners could use the documents in a U.S. action with or without HIG's consent.[1]

---

[1] Conversely, if Petitioner objects to a confidentiality designation, it has the burden of seeking relief from this Court. ECF 17-2, ¶ 7(d).

2

The parties agree that the information may be used in "any causes of action yet to be discovered, whether such cause of action is filed in Florida or Luxembourg." ECF 17-2 at 3. HIG grounds its main argument on the facts, arguing that the Letter Before Action shows that Petitioners were aware of the HIG Capital LLC's (and Mr. Mnaymneh's) aiding and abetting a breach of fiduciary duty because "HIG's" actions are detailed therein. Except that they're not: the LBA defines "HIG" as "H.I.G. European Capital Partners L.P., a limited partnership incorporated in the Cayman Islands, and H.I.G. Bayside Debt & LBO Fund II, L.P., a limited partnership incorporated in Delaware (together referred to as HIG)." ECF 5-5 at 3. HIG Capital LLC and Sami Mnaymneh were not accused of anything, because Petitioners did not know that they had done anything wrong.

The causes of action identified in the Application were breach of fiduciary duty, breach of contract, and loss of chance. ECF 4 at 2, 8; ECF 6 ¶¶ 2–4. The cause of action being sued upon in this District is aiding and abetting breach of fiduciary duty. There is no dispute that this is a different cause of action with different elements, only that the LBA showed awareness of this cause of action against HIG Capital LLC based on a demonstrably erroneous premise. While Respondents are mentioned in the Application—they were, after all, the targets of the subpoenas and Petitioners needed to explain why they believed they had responsive information—there is no indication of potential liability in stating the fact that HIG was the ultimate parent corporation of HIG Europe and Mr. Mnaymneh among the individuals on the committee that approved the Flip Transaction. If those facts were grounds for a lawsuit, then there would be a lot more lawsuits.

    **2. HIG Does Not Dispute That Petitioners Made the Requisite Showing at the Outset of the § 1782 Application and Thus the Grant of Relief Remains Proper.**

Petitioners did, and still do, satisfy the requirements for a petition under 28 U.S.C. § 1782, to the extent such an argument is even relevant at this stage of the proceedings. HIG did not dispute that Petitioners made an objective showing that their claims were within reasonable contemplation

3

in Luxembourg. To determine whether "reasonable contemplation" exists, district courts look for "reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (affirming grant of 1782 application and rejecting argument that petitioner should have filed a claim before completion of discovery). Such indications include evidence that the petitioner has hired counsel in the jurisdiction where foreign litigation was contemplated, retained experts, sent a detailed demand letter to the potential defendant, and made affirmative representations as to when the foreign proceeding would be filed. *See, e.g., In re Application of Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 249–50 (S.D.N.Y. 2018) (granting 1782 for contemplated proceeding). Making such a showing "at the time the evidence is sought" is all that is needed to satisfy the requirement of a proceeding before foreign tribunal. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004) (overruling the requirement of *Ishihara Chem. Co. v. Shipley Co., L.L.C.*, 251 F.3d 120, 123 (2d Cir. 2001) that such proceedings must be "very likely" or "very soon" to occur).

There is no dispute that Petitioners made this showing. But HIG contends that Dailane can only use the § 1782 discovery in the U.S. action so long as HIG 47 and HIG Europe executives are sued in Luxembourg. Opp. at 11–12. This is not a rational position and the Confidentiality Agreement does not compel Petitioners to file multiple suits. Rather, the Confidentiality Agreement provides that:

> Should Petitioners intend to use CONFIDENTIAL INFORMATION in support of a currently unknown cause of action to be brought in a legal proceeding ***other than the Foreign Proceedings or the Instant Proceedings***, they must provide [ ] written notice to and seek consent from the Respondents.

ECF 17-2, § 7(b). HIG's claim that the discovery must be used in Luxembourg proceedings is thus directly contrary to their own agreement. To the extent there is any doubt, HIG is incorrect

4

in suggesting that Dailane (the sole plaintiff in the U.S. action) or Mr. Maillis no longer have claims under Luxembourg law. They very much do, and they have five to ten years to bring them. Declaration of Richard Ledain Santiago ¶ 2. But even if the Court rules that Petitioners need not file in Luxembourg, whether the U.S. action will make Petitioners whole, or whether it will survive a motion to dismiss, is an open question. The door is not at all closed on the Luxembourg claims.

**3. There Is No Evidence of Chicanery.**

Governing precedent, *Glock v. Glock*, like *Intel*, is interested in whether there is evidence of "subterfuge" at the outset, because that would be "a valid reason to reject a § 1782 application ***in the first place***." *Glock v. Glock*, 797 F.3d 1002, 1006 (11th Cir. 2005) (emphasis added). It is at that time "evidence of such chicanery [should be brought] to the § 1782 court's attention." *Id*. It is the respondents' burden to introduce such evidence, not Petitioners' to show the propriety of their application if baselessly challenged. Regardless, HIG cannot claim that it did anything at all at the outset of the case; it intervened in this action only a few weeks ago. It is thus indisputable that there was no evidence of "chicanery" shown to the Court at the outset of the case.

None has been shown now either. HIG has abandoned, as it must, the misguided argument that there was any deception in the negotiation of the Confidentiality Agreement. ECF 17-12. Since the Motion disproved that argument, and was wrong under the case law, HIG now says that such evidence of chicanery existed at the outset of the case to prevail. But this does not work either. If evidence of chicanery existed in the Application, HIG presumably would have opposed it. For the same reason, the claim that the entire proceeding was a "fishing expedition" does not make any sense; if the documents sought were irrelevant to the Luxembourg claims, then HIG would have opposed them. The sole purported "evidence" of a ruse is that Dailane discovered surprising facts, and based on an assessment of those facts, later decided to sue HIG on a newly

5

discovered cause of action in a district in the United States in which the defendant *agreed* it could be sued and the documents used. Declaring *that* a ruse would directly contravene of binding Eleventh Circuit precedent. *See Glock* 797 F.3d at 1010 n.10.

HIG concedes, as it must, that the use of documents properly obtained through Section 1782 in another proceeding in the U.S. is allowed by law. *See id.* at 1006 ("[W]e find nothing in the language of § 1782 that purports to limit later uses of evidence that have been properly obtained under § 1782"); *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) ("Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere"). Mere post hoc use of the documents in a U.S. proceeding does not render the manner in which the documents were obtained unlawful; if it did, *Glock* would not exist.

As set forth at length in the opening Motion and in the Opposition to the Motion for Discovery, the intent to file Luxembourg claims is well-documented (ECF 17 at 2–4, 6–9; ECF 46 at 2–4), the disclosure period lasted well over a year (ECF 17 at 6–9; ECF 46 at 2–4), and the reason for seeking leave to file the Complaint—which was announced to this Court and to Respondents and then granted (Proposed Civil Action, ECF 8 (granting motion for leave to file under seal))—was to avoid any potential prejudice arising from HIG's efforts to delay these proceedings. ECF 46-2. Doing so did not moot the Motion; Dailane has not served the sealed Complaint and asks nothing of the Defendants until the Court rules on the Motions currently before it.

HIG devotes many pages attempting to persuade the Court that the Luxembourg proceedings were never imminent. This argument is a red herring for two reasons. First, not only is the imminence of foreign proceedings not a factor that is analyzed by a district court in

6

determining whether to grant an application under Section 1782, it is a factor the Supreme Court squarely disclaimed in *Intel*. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 ("[W]e reject the view . . . that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent.'"). The imminent nature of the proceedings in Luxembourg was also not a factor analyzed by this Court in its Order Granting Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, which was entered without objection from either HIG or Mr. Mnaymneh. ECF 15. Second, even if imminence were a factor to be considered, the blame falls on HIG for its incomplete and insufficient productions of discovery, not on Petitioners' gamesmanship. Although HIG makes much ado about the lack of "imminent" proceedings in Luxembourg, it cannot draw out the discovery production for over a year and then complain of the lack of "imminence".

HIG's unfounded allegation of chicanery falls far short of the evidence of chicanery required to obtain any relief.

### 4. HIG Concedes That Summaries or Excerpts of Allegedly Confidential Information May Be Used Publicly.

The parties agree that if allegedly confidential information has been made public then there is no basis for that information to be treated as confidential. HIG avers that a summaries of the contents of confidential documents on the public docket is not the same as making the whole document public. Opposition at 18–19. Yes, exactly. The Complaint *is* a summary of documents purporting to be confidential, and that's what Dailane seeks to use publicly. ECF 17 at 17 ("Finally, Petitioners note again that they are seeking only to file the draft complaint, which contains only brief excerpts and descriptions of the dozens of documents relied upon.").

HIG does not point to a single paragraph in the Complaint as containing confidential information that would cause harm if revealed. Nor could it. HIG appears to have missed the fact that it is not just summaries of allegedly confidential documents that are on the public docket. As

7

set forth in Exhibit 14, much of the information in the Complaint exists in other forms as whole documents—sometimes the very same documents HIG is claiming to be confidential—as part of the several hundred pages of exhibits attached to the LBA. This includes internal business communications, details of interested purchasers' offers, and communications with business partners, the confidentiality of which HIG says it "has an interest" in maintaining because it is "critical" for unspecified reasons. Even if there were a sincere interest in confidentiality, HIG waived it by not objecting to the documents on the public docket years ago. HIG's cited authority—*News & Observer Publ'g Co. v. A.Q.*, 953 So. 2d 686, 686 (Fla. Dist. Ct. App. 2007)— is irrelevant. In that case, the court was required by statute to seal an adoption file.

HIG has not met its burden in showing why any of the documents at issue are, in fact, confidential, offering no response at all to the litany of authorities requiring an affirmative showing of good cause with respect to the specific information at issue and denying relief based on general explanations or blanket assertions of confidentiality. (ECF 17 at 14–15). HIG does not mention the interrogatory responses or deposition testimony of Sami Mnaymneh at all in its Opposition and has not even provided a response to counsel's request for HIG's position on the confidentiality of that discovery as used in the Complaint, which was required within seven days under the Confidentiality Agreement. ECF 17 at 14.

HIG's half-hearted argument for blanket confidentiality over business communications should be disregarded entirely. None of the authorities cited support HIG's position. The court in *MC3 Invs. LLC v. Loc. Brand, Inc,* No. 5:22-CV-260-MJF, 2023 WL 10407122 (N.D. Fla. June 12, 2023) denied the motion to seal except to redact email addresses, non-public names of third parties with which it had licensing agreements and the plaintiff's revenue and expenses. The third-party bidder, auction firm, and bids are all public information in this case. In *Bastian v. United*

*Servs. Auto. Ass'n*, No. 13-cv-1454, 2014 WL 6908430, at *1 (M.D. Fla. Dec. 8, 2014), the court found good cause to grant an unopposed motion to seal six specific documents reflecting an insurance company's internal operating procedures based upon a lengthy sworn declaration from the company specifying industry practice and the potential harm.  *See id.*, ECF 48-1.  Likewise, the plaintiff in *Graphic Packaging Int'l. Inc.v. C.W. Zumbiel Co.*, No 10-cv-891, 2010 WL 6790538 (M.D. Fla. Oct. 28, 2010) filed an unopposed motion to seal with a detailed explanation as to why each document should be sealed.  It lost anyway, except with respect to specific pricing information in certain customer agreements.  In denying the remainder of the motion, the court held that a desire to avoid making "'less-than-flattering conduct'" public is insufficient "to outweigh the public right of access." *Id*. at *1–2.

Finally, HIG expresses indignation that Petitioners intend to "de-designate" discovery that has previously been labeled confidential.  Not only is that untrue, but mere designation is not a legal basis for non-disclosure in the first instance. *See Ram Advert. Grp., LLC v. Cars. Com, Inc.*, No. 24-cv-80367, 2024 U.S. Dist. LEXIS 194917, 2024 WL 4575253, at * 4 (S.D. Fla. July 30, 2024) (A "Confidentiality Agreement binds the Parties, not the Court, and good cause must still be shown before a filing is sealed.").

HIG was required to explain its specific reasons for asserting confidentiality, chose not to, and agreed that summaries of even confidential communications are okay.  Confidentiality is thus not a reason to preclude the public filing of the Complaint.

**5. The Forum Selection Clause Does Not Require Petitioners to Sue HIG in Luxembourg**

HIG makes a last ditch attempt to get out of this Motion by claiming that the forum selection clause in the Amended and Restated Fiduciary Agreement (ECF 5-5 at 37–49) would require dismissal of the Complaint anyway.  But that is an argument to raise in a Motion to Dismiss,

9

not here, where the only relief sought is the Court's confirmation that the Complaint can be publicly filed in the form presented in the Motion. Even if the Court were inclined to entertain a forum selection clause argument, the Fiduciary Agreement is based on Luxembourg law (ECF 5-5 at 48, ¶ 12.1) and HIG has not presented evidence that Luxembourg law affords third parties rights under contracts they are not party to. (Spoiler: it does not.) Moreover, the fiduciary duty alleged did not arise solely out of the Fiduciary Agreement. *See* Draft Compl., Decl. of Tara J. Plochocki, Ex. 10, ¶ 124.

### 6. The Motion for Authorization is Not Moot

The Confidentiality Agreement empowers either party to seek relief from this Court related to the use of the Confidential Information, which Petitioners have done. ECF 17-2, § 7(b). HIG agrees that there is a live dispute; the filing of the Complaint to does not change that. Petitioners have stated both to HIG and to this Court that there is no intent to litigate the Complaint until this Motion has been decided. ECF 46-2. Deciding the Motion in Petitioners' favor will foreclose any attempt by HIG to claim damage from the use of the documents and information provided in the § 1782. The Court therefore retains the ability to provide meaningful relief by granting the Motion, obviating a claim of mootness. *Health Freedom Def. Fund v. President of the United States*, 71 F.4th 888, 891 (11th Cir. 2023).

### CONCLUSION

WHREFORE Petitioners Dailane Investments Ltd. and Michael Maillis respectfully request that the Court GRANT the Motion for Authorization.

Date: February 26, 2025

                                        Respectfully submitted,

**SEQUOR LAW, P.A.**

By: */s/ Tara J. Plochocki*
Tara J. Plochocki (admitted *pro hac vice*)
Robert B. Kearney (admitted *pro hac vice)*
650 Massachusetts Avenue, N.W., Ste. 600
Washington, DC 20001
Tel: (202) 900-8740
tplochocki@sequorlaw.com
rkearney@sequorlaw.com

Filed by */s/ Christopher A. Noel*
Christopher A. Noel (Fla. Bar No. 117863)
1111 Brickell Avenue, Suite 1250
Miami, FL  33131
Tel: (305) 372-8282
cnoel@sequorlaw.com
*Counsel for Petitioners*